IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEON MATTHEWS. BYRD          * | |
|     Petitioner, | |
|     v.          * | CIVIL ACTION NO. WMN-07-669 |
| RUMY WATTSON, N.A. NURSE    * | |
|     Respondent. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | |
|---|---|
| LEON MATTHEWS. BYRD          * | |
|     Petitioner, | |
|     v.          * | CIVIL ACTION NO. WMN-07-670 |
| THE ADMINISTRATION HEAD     * | |
| WHO ADMITTED FOR 42 YEARS | |
| THAT I HAVE SERVED          * | |
|     Respondent. | |

\*\*\*

## **MEMORANDUM**

Leon M. Byrd, confined at the Springfield Hospital Center ("Springfield") in Sykesville, Maryland, filed these 28 U.S.C. § 2241 habeas corpus petitions. Mr. Byrd seemingly raises a claim of self-defense, complaining that he was attacked "with malase to kill or mamne to do bodily harm," but was "charged with second-degree homicide."[1] He indicates that he was found incompetent to stand trial. Mr. Byrd claims that he has been incarcerated for 42 years for something that "was not fair and unreasonable." He asks to be released to the community and to be awarded some kind of annuity.

---

[1] Mr. Byrd states that he was attacked by unknown drunk assailants that were going around killing people.

The above-captioned cases shall be consolidated for all purposes. Insofar as Mr. Byrd seeks release from confinement, his § 2241 habeas corpus petitions shall be dismissed. The writ of habeas corpus under § 2241 shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. Aside from raising a self-defense claim, Mr. Byrd has not articulated any constitutional grounds for challenging his detention.[2]

For the aforementioned reasons, the petitions shall be dismissed without prejudice.[3] A separate Order follows.

/s/

Date: March 26, 2007

William M. Nickerson
United States District Judge

---

[2] According to briefs filed in *Byrd v. Fragala, et al.*, Civil Action No. WMN-00-2339 (D. Md.), in December of 1969, Mr. Byrd was found not guilty by reason of insanity and committed to inpatient care by order of the Circuit Court of Baltimore City to Clifton T. Perkins Hospital Center, a Maryland Department of Health and Mental Hygiene facility, until such time as he becomes competent to stand trial or is no longer a danger to himself or to others. He has received multiple review hearings to assess his continuing commitment, all of which concluded that Mr. Byrd would be a danger to himself or others if he was released. *Id.*

[3] The petitions were not accompanied by either the $5.00 habeas corpus filing fees or motions to proceed *in forma pauperis*. Nonetheless, in light of the dismissal of the actions, Byrd shall not be required to cure this deficiency.